NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHUNHUI CHEN, AKA Chun Hue Chen, AKA Chun Hui Chen, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-73251 <br><br> Agency No. A205-674-227 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Chunhui Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen and review de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen for failure to show prejudice from alleged ineffective assistance, where Chen offered no evidence of any plausible grounds for relief. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826-27 (9th Cir. 2003) (requiring prejudice to state a valid claim of ineffective assistance of counsel, and explaining the presumption of prejudice for failing to file an appeal is rebutted when petitioner does not show plausible grounds for relief). Contrary to Chen's contention, the BIA did not require that he file an appeal brief with his motion in order to demonstrate prejudice.

The BIA did not err in determining that it lacked jurisdiction to consider Chen's eligibility for parole. *See* 8 C.F.R. §§ 212.5, 1212.5; *Matter of Castillo-Padilla*, 25 I. & N. Dec. 257, 261 (BIA 2010) (parole authority under 8 U.S.C. § 1182(d)(5)(A) "is now delegated solely to the Secretary of Homeland Security").

Contrary to Chen's contentions, the BIA sufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

The record does not support Chen's contention that the BIA incorrectly described its June 8, 2016, order.

16-73251

We lack jurisdiction to consider Chen's contentions that the agency erred or violated due process in his underlying removal proceedings, because this petition for review is not timely as to the BIA's June 8, 2016, order. *See* 8 U.S.C. § 1252(b)(1) (petition for review of a final order of removal must be filed within 30 days of that order); *Martinez-Serrano v. INS*, 94 F.3d 1256 (9th Cir. 1996) (this court lacks jurisdiction to review an underlying order of removal, where a petitioner did not seek timely review of that order, and instead filed a petition for review from the denial of a later motion to reopen).

In light of our disposition, we do not reach Chen's remaining contentions regarding compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**